IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY EUGENE HANCOCK, | ) | 8:17CV488 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| LINCOLN POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Anthony Hancock, who is incarcerated at the Lincoln Correctional Center, has been granted leave to proceed in forma pauperis (Filing 7). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action requesting injunctive relief and money damages against the Lincoln Police Department[1] and four officers. Plaintiff alleges the officers gained access to his apartment on November 15, 2017, to question him about an alleged domestic assault, but then proceeded to ask him about drug dealing activities and to search the premises without a warrant. The officers allegedly justified the search by stating it was permitted as a condition of his parole.

II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

---

[1] The Lincoln Police Department is not an entity that can be sued. *See Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706 (D. Neb. 2004).

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

III. DISCUSSION OF CLAIMS

"In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v. California*, 134 S.Ct. 2473, 2482 (2014). Plaintiff alleges in this case that the police officers claimed they had a right to search his apartment without a warrant as a condition of his parole, and he does not refute this claim by alleging any facts to the contrary in his Complaint. The officers' alleged basis for conducting the warrantless search is not necessarily wrong as a matter of law. The United States Supreme Court has held that a search conducted

pursuant to state law, but without even a reasonable suspicion of criminal activity, does not violate a parolee's Fourth Amendment rights. *See Samson v. California*, 547 U.S. 843, 856-57 (2006).[2] *See also United States v. Jackson*, 866 F.3d 982, 984-85 (8th Cir. 2017); *United States v. Hamilton*, 591 F.3d 1017, 1021-22 (8th Cir. 2010) (discussing *Samson* ruling).

Unless Plaintiff can truthfully allege facts showing that the officers violated his constitutional rights by searching his apartment without a warrant, this Fourth Amendment claim must be dismissed. For example, Plaintiff might allege that the conditions of his supervision did not allow such a search, and might attach a copy of those conditions. Out of an abundance of caution, the court will grant Plaintiff leave to file an Amended Complaint for the limited purpose of stating a plausible Fourth Amendment claim. If an Amended Complaint is filed, it will supersede, rather than supplement, Plaintiff's original Complaint. That is to say, the Amended Complaint must "stand on its own."

Plaintiff complains that he was not administered *Miranda* warnings, but from the facts alleged, he does not appear to have been in custody while being questioned by the police. *See United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2004) ("When a person is questioned on his own turf, we have observed repeatedly that the surroundings are "not indicative of the type of inherently coercive setting that normally accompanies a custodial interrogation.") (internal quotations and citations omitted). In any event, "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (quoting *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc)).

---

[2] Previously, in *United States v. Knights*, 534 U.S. 112, 121-22 (2001), the Supreme Court held that a probationer's house could be searched based upon reasonable suspicion, a lesser standard than probable cause.

The caption to Plaintiff's Complaint mentions "malicious prosecution" and "arrest in bad faith," but these claims presumably relate to the domestic assault charge, for which Plaintiff pleaded guilty.[3] There are no facts alleged in the Complaint to support such claims, but even if there were, Plaintiff cannot bring a section 1983 action unless the conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (affirming dismissal of § 1983 action against prosecutors and police for alleged constitutional violations that led to plaintiff's conviction).

The caption to Plaintiff's Complaint also mentions "racial discrimination and harassment." Plaintiff alleges he is black, but there are no facts alleged to show that he was discriminated against or harassed by the officers because of his race. To prevail on such under the Equal Protection Clause, Plaintiff must prove that he was treated differently than others who were similarly situated to him on the basis of his race. *See Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994).

Finally, the Complaint concludes with a request of appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, Plaintiff's request will be denied.

---

[3] The court takes judicial notice of the criminal proceedings in *State v. Anthony E. Hancock*, County Court of Lancaster County, Nebraska, Case No. CR 17 0015662 (available on JUSTICE public database at www.nebraska.gov).

## IV. PLAINTIFF'S REQUEST FOR STATUS REPORT

On April 11, 2018, Plaintiff filed a request (Filing 16) for a status report on his request to re-open this case (Filing 13). The request to re-open was granted by the court on April 6, 2018, and a copy of the court's Memorandum and Order (Filing 15) was mailed to Plaintiff. His request for a status report therefore will be denied, as moot.

## V. PLAINTIFF'S MOTION TO AMEND

Plaintiff has filed a motion for leave to file an amended complaint (Filing 18), which will be denied. As stated above, the court on its own motion will grant Plaintiff leave to amend his claim of an unlawful search.

Filing 18 does not identify any new facts that would correct the pleading defects identified above or otherwise state a plausible claim for relief. In general, it consists of abstract statements of law[4] and legal arguments that do not belong in a complaint. *See* Fed. R. Civ. P. 8.

## VI. PLAINTIFF'S MOTION FOR COPIES

Plaintiff has filed a motion requesting file-stamped copies of all filings in this case (Filing 19). This motion will be denied for lack of any demonstrated need.

---

[4] Among other authorities, Plaintiff relies on the United Nations Declaration of Human Rights, but that document does not grant Plaintiff any legal rights that are enforceable in the United States court system. *See Oquinn v. Adkins*, No. CIV.A. 7:08CV00426, 2010 WL 677771, at *8 (W.D. Va. Feb. 24, 2010); *Crow v. Gullet*, 541 F.Supp. 785, 794 (D.S.D.1982). The Declaration is a non-binding declaration that provides no private rights of action. *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)).

## VII. PLAINTIFF'S MOTION FOR SUMMONSES

Plaintiff has filed a motion to serve summonses on Defendants (Filing 20). This motion will be denied because Plaintiff's Complaint has been determined to be subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim upon which relief may be granted. If Plaintiff files an Amended Complaint, the court will also conduct an initial review of that pleading to determine whether the case may proceed to service of process or whether it should be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff will have 30 days in which to file an Amended Complaint which states a claim upon which relief may be granted.

2. Plaintiff's failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. Plaintiff's request for a status report (Filing 16) is denied without prejudice.

4. Plaintiff's motion to amend (Filing 18) is denied without prejudice.

5. Plaintiff's motion for copies (Filing 19) is denied without prejudice.

6. Plaintiff's motion for summonses (Filing 20) is denied without prejudice.

7. The clerk's office is directed to set a pro se case management deadline using the following text: June 28, 2018: check for amended complaint.

DATED this 29th day of May, 2018.

        BY THE COURT:

        s/ *Richard G. Kopf*
        Senior United States District Judge